PROB 12C
(7/93)

Report Date: October 16, 2012

# United States District Court

### for the

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 18 2012

### Eastern District of Washington

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Mitchell Jason Ranes          Case Number:  2:06CR02179-001

Address of Offender:  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Name of Sentencing Judicial Officer:  The Honorable Robert H. Whaley, Senior U.S. District Judge

Date of Original Sentence: September 17, 2007

Original Offense:     Felon in Possession of Firearm, 18 U.S.C. § 922(g)(1)

Original Sentence:    Prison - 77 Months;            Type of Supervision:  Supervised Release
                      TSR - 36 Months

Asst. U.S. Attorney:  James P. Hagarty            Date Supervision Commenced: September 28, 2012

Defense Attorney:     Diane E. Hehir              Date Supervision Expires: September 27, 2015

---

## PETITIONING THE COURT

### To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number      Nature of Noncompliance

1           **Standard Condition #2**: The defendant shall report to the probation officer and shall submit
            a truthful and complete written report within the first five days of each month.

            **Supporting Evidence**: Mr. Ranes reported to the undersigned officer on October 1, 2012,
            for his initial intake to begin his term of supervised release. Mr. Ranes was directed to report
            back to my office on October 13, 2012, to update his status regarding employment search and
            community adjustment. Mr. Ranes failed to report as directed on October 13, 2012.

            On October 4, 2012, the undersigned officer attempted to locate Mr. Ranes through telephone
            contact with his cousin, Jovita Colwash. She indicated that Mr. Ranes was somewhere in the
            Yakima area and she did not know his whereabouts. The undersigned officer also sent Mr.
            Ranes a letter directing him to contact the U.S. Probation Office. Attempts were also made
            to contact him at his listed address, with no response.

2           **Standard Condition #6**: The defendant shall notify the probation officer at least 10 days
            prior to any change in residence or employment.

**Supporting Evidence**: On October 1, 2012, Mr. Ranes reported an address of 5203 North Addison in Spokane, Washington. Mr. Ranes was going to reside with Ms. Jovita Colwash, his cousin. Mr. Ranes failed to appear for his urine test on October 2, 2012, and I attempted to contact Mr. Ranes regarding this matter. Contact was made with Ms. Colwash on October 4, 2012. She stated that Mr. Ranes went with her to Yakima, Washington, on October 1, 2012. Mr. Ranes told her that he did not want to come back to Spokane on October 3, 2012. Mr. Ranes has failed to report any change of address to the undersigned officer as of this date.

3    **Special Condition #15**: You shall complete a mental health evaluation and follow any treatment recommendations, including taking prescribed medications, as recommended by the treatment provider. You shall allow reciprocal release of information between the supervising probation officer and treatment provider. You shall contribute to the cost of treatment according to your ability.

**Supporting Evidence**: On October 1, 2012, Mr. Ranes was referred by the undersigned officer to a mental health evaluation by Mr. Robert Shepard. Mr. Ranes was directed to contact Mr. Shepard by October 5, 2012, and to notify this officer of his appointment date and time by October 13, 2012. Mr. Shepard contacted this officer on October 13, 2012, to report that Mr. Ranes had not contacted him regarding his mental health referral. Mr. Shepard reported to this officer that his attempts to contact Mr. Ranes have gone unreturned.

4    **Special Condition #18**: You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare. You shall contribute to the cost of treatment according to your ability. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider.

**Supporting Evidence**: On October 1, 2012, Mr. Ranes was referred by the undersigned officer to a chemical dependency evaluation. Mr. Ranes was directed to contact the treatment provider to schedule his evaluation by October 5, 2012. As of this date, Mr. Ranes has failed to schedule his chemical dependency evaluation.

5    **Special Condition #19**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On October 1, 2012, Mr. Ranes was referred by the undersigned officer to Adept Assessment Center for random urinalysis testing. Mr. Ranes was directed to contact the provider each day, and was given his color for testing and the phone number on a business card. On October 2, 2012, U.S. probation officer (USPO) Shane Moore was contacted by Mr. Ranes, as Mr. Ranes was inquiring about his urine testing color. USPO Moore informed Mr. Ranes that his color was brown. Mr. Ranes stated he was in Yakima, Washington, and would like to miss his urine testing for that day. USPO Moore reminded Mr. Ranes that it was his responsibility to report for his random urine tests as scheduled.

Prob12C
**Re:  Ranes, Mitchell Jason**
**October 16, 2012**
**Page 3**

On October 3, 2012, the undersigned officer was notified by Adept Assessment Center that Mr. Ranes had failed to report for his random urine test on October 2, 2012.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  10/16/2012

s/Patrick J. Dennis

Patrick J. Dennis
U.S. Probation Officer

THE COURT ORDERS

[  ]   No Action
[ ✓ ]   The Issuance of a Warrant
[  ]   The Issuance of a Summons
[  ]   Other

Signature of Judicial Officer

10/18/12

Date